## ACTION FOR POSSESSION OF PROPERTY IN HANDS OF RECEIVER.

Circuit Court of Cuyahoga County.

STRASS ET AL v. THE LAMBS INN CO. ET AL.

Decided, June 28, 1907.

*Appeal and Error—What Cases Appealable.*

A claim to recover property in the hands of a receiver, made and determined in an equitable action in which the receiver was appointed, is appealable.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Plaintiff being a creditor of the defendant, the Lambs Inn Company, brought his action in the Common Pleas Court of Cuyahoga County against said company, setting up his claim, alleging the insolvency of the corporation, and praying for judgment on his claim, and the appointment of a receiver for the corporation.

Said court appointed a receiver, as prayed for, who took possession of all the property of the corporation, including certain

ranges and other cooking apparatus, which, including the things mentioned, had been sold to it by the Born Steel Range Co.

Thereupon the range company came into the case as a defendant and claimed title to the ranges and other personal property it had sold to the inn compony. The receiver contested this claim, and the matter was heard by the court without a jury, and adjudicated in favor of the receiver.

Thereupon the range company appealed the matter to this court, and the receiver has filed a motion to dismiss the appeal on the ground that the case made by thé range company is not an appealable one.

· We overrule this motion. As stated by Judge Boynton in the case of *Olds* v. *Tucker,* 35 Ohio State, 581, 584:

"No principle is better settled than that a right asserted against a receiver to property rightfully in his hands, where the right to sue in an independent action is not given by statute, must be worked out, either in the action in which the receiver was appointed, or in an independent action brought only upon leave of the court by which the appointment was made."

Here the range company chose to work out its right in the action in which the receiver was appointed. That action was in equity, and is appealable.

Coming to the merits of the case, it appears from the pleadings and the evidence, which we have no time to comment upon, that the range company claims the right to the possession of said chattels on three grounds:

*First.* That title to said chattels never passed to the inn company, because the delivery of the possession thereof was induced by the false representations of the latter.

On this point we find that if any false representations were made by the inn company as to any material matter, such representations were not relied upon by the range company, and it was not induced to deliver said chattels by reason of any false representations.

*Second.* That the sale was for cash and the inn company not complying with the condition of the sale, title never passed.

On this point we find that if the sale was originally for cash, as claimed, that condition was thereafter waived by the com·pany, and it is now estopped from making such claim.

*Third.* That the range company is entitled to possession of the chattels under a chattel mortgage executed by the inn company to it.

As we find that the officer of the inn company who signed this chattel mortgage had no authority, express or implied, from the directors of said company, to execute and deliver said mortgage to the range company, it is of no validity, as against the receiver.

Thus it seems that the range company has failed to maintain the issue tendered by it in the cross-petition and the same is therefore dismissed.